**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VERNON SHAW, ET AL. § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:07-CV-182 (TJW) |
| § | |
| MADDEN CONTRACTING CO., INC., § | |
|     Defendant. § | |
| § | |
| § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Madden Contracting Company, Inc.'s ("Madden") Rule 12(b)(7) Defense and Motion to Dismiss for Failure to Join Persons Needed for Just Adjudication (#4). The motion is DENIED for the reasons set forth below.

**I.   Background**

On May 2, 2006, Debra Shaw and Patricia Alderman were involved in an automobile accident where the vehicle drifted from the road and hit a guardrail. The plaintiffs contend that the State of Texas contracted with Madden to manufacture and install the guardrail. The plaintiffs allege that Madden negligently manufactured and installed the guardrail resulting in Ms. Shaw's death and Ms. Alderman's injuries. Madden now alleges that the plaintiffs have failed to join indispensable parties (i.e., the actual manufacturer and the actual installer of the guardrail) under Rule 19 and, therefore, this case should be dismissed under Rule 12(b)(7).

**II.   Discussion**

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal for "failure to join a party under Rule 19." Determining whether a party is indispensable under Rule 19 involves a two-step inquiry. The court must first determine whether a party should be joined under Rule

19(a). *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). If joinder is warranted and the joinder would destroy the court's jurisdiction, then the court must determine whether to press forward without the person or to dismiss the litigation under Rule 19(b). *Id*.

Here, the defendants contend that Jona Contracting ("Jona"), a Texas-based subcontractor, installed the guardrail. According to the defendants, Madden would be denied complete relief without the joinder of Jona and the manufacturer of the guardrail because Madden may be found solely responsible for the conduct of non-parties, which would force it to seek contribution and/or indemnity from these non-parties. This argument is misplaced. Potential indemnitors are generally not required to be joined under Rule 19. *See Fisherman's Harvest, Inc. v. U.S.*, 74 Fed. Cl. 681, 688-89 (Ct. Fed. Cl. 2006) (citations omitted); *Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635, 641 (3d Cir. 1998) (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1998)). Therefore, the Court finds that Jona and the actual manufacturer of the guardrail are not indispensable parties.

**III.   Conclusion**

Joinder of the manufacturer or the installer of the guardrail is not required under Rule 19. Accordingly, the defendant's Rule 12(b)(7) motion to dismiss is DENIED.

SIGNED this 28th day of June, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE